**In re EKAMRUDRA, INC., Debtor.**

No. 92–70185.

United States Bankruptcy Court,
E.D. Kentucky,
Pikeville Division.

July 29, 1992.

Paul Deaton, Paintsville, Ky., for debtor.

Cary Kemper Smith, Lexington, Ky., for Barnett Bank.

## MEMORANDUM OPINION

WILLIAM S. HOWARD, Bankruptcy Judge.

This matter comes before the Court on the motion of creditor Barnett Bank of Southeast Georgia, N.A., ("Barnett") for relief from the automatic stay or, alternatively, to dismiss the case and award attorney's fees to movant.

Barnett's predecessor loaned to Drs. Ekambaram Paramaguru and Rudradevi Paramaguru ("Doctors") the sum of $450,000 to construct a six unit medical office condominium complex at St. Simons Island, Georgia. The note was modified several times and became in default for non-payment. The amount of the deficiency in payment which lead to the acceleration of the balance due on the note is not established by the facts before the Court although the debtor alleges that there was only one payment in arrears on one note and two payments in arrears on a second note, described below, when foreclosure was instituted.

A second loan for $10,000 was made to the Doctors on August 5, 1991. Both loans were secured by a Deed to Secure Debt (mortgage) on three parcels of real estate, all apparently located at St. Simons Island. Of the six unit medical office complex, two units have been leased out, two units are vacant and two units have been sold.

Foreclosure proceedings were commenced with advertisement of such foreclosure scheduled for April 6, 1992. On April 6, 1992 the Doctors conveyed title to the three tracts of property to the debtor (apparently a newly created corporation) and, the same day, filed a Chapter 11 proceeding in this Court listing the three parcels of real estate as assets and two other creditors holding liens against real estate as its only creditors. The properties are listed as having a total value of $910,000 with liabilities of $501,000 or $509,000 depending upon which portion of the schedules are used. Barnett then filed its motions herein. This Court heard arguments in the matter on May 26, 1992 and issued its order of interim adequate protection on May 29, 1992 providing that rents accruing after April 7, 1992 should be paid to movant as interim adequate protection pending the Court's ruling on this matter.

Barnett's motion to dismiss is brought pursuant to Bankruptcy Code Section 1112 which provides for dismissal for cause which includes a lack of good faith. *Matter of Winshall Settlor's Trust*, 758 F.2d 1136 (6th Cir.1986), *Matter of Little Creek Development Company*, 779 F.2d 1068 (5th Cir.1986). The Court must look at the totality of the circumstances when examining the good faith of the debtor. *In re Marion Street Partnership*, 108 B.R. 218 (Bankr.D.Minn.1989). No one factor is dispositive of the issue.

Barnett relies on the *Little Creek* case, among others, for authority. Applying the factors listed, it is apparent that, based upon the debtors listed valuations of the properties, the possibility of an effective reorganization factor must favor the debtor since the values indicate a very substantial equity. However it appears to the Court that the debtor has acted in a man-

ner evidencing an intent to frustrate the creditor's efforts, has waited until the eleventh hour to take action on the matter and transferred the property to a new corporation at the last minute for the purpose of filing bankruptcy.

The Court concludes that the filing herein lacks good faith and was taken for purposes not permitted by Chapter 11. Additionally, the Court notes that the debtor has very few creditors, few (although valuable) assets, appears to be solvent by the debtors values assigned to the assets and that the case appears to be one which should be the proper subject of a foreclosure action in state court.

While the Court has found a lack of good faith in the filing of this proceeding, the Court cannot conclude that sanctions should be imposed under Bankruptcy Rule 9011 standards. The Court does not, of course, address whether or not these same fees can be collected in the Georgia foreclosure proceedings under the terms of the notes involved.

For the above reasons, the Court will enter a separate order dismissing the within proceeding.